UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
===================================
JOSHUA G. HARRIS,

        Plaintiff,                    22-cv-75-LJV-JJM

v.

TODD MCALISTOR, et al.,

        Defendants.
===================================

**CROSS-MOTION FOR PROTECTIVE ORDER AND TEMPORARY PROTECTIVE ORDER PENDING RESOLUTION OF THE INSTANT DISCOVERY DISPUTE CONCERNING DEPOSITIONS**

        Please take notice, that upon the annexed attorney affirmation of David M. Lee, Assistant Corporation Counsel for the City of Buffalo, the defendants, City of Buffalo, Todd McAlister (Chief McAlister), Elnur Karadzhaev, Dennis Taylor, Jeffrey Jajkowski, Maurice Foster, Andrew Dalgleish, Ashlee Amoia, Luis Rivera, Edward Ramage, Chelsey Rogowski, Mary May, Victoria Siracuse, Zackary Morin, Terrell Bolden, Philip Hinterberger, Anthony Avolio, Jennifer Stutz, Scott Culver, Kenneth Anaya, Hiba Khalil, and Kayla Wise (collectively, defendant police officers) will move this court pursuant to Fed.R.Civ.P. 26(c) for:

        1)     a protective order on a matter relating to the depositions of the defendant police officers;

        2)     a temporary protective order on a matter relating to the deposition of Chief McAlister, which is scheduled for November 27, 2024; and

        3)     any other relief the court deems just and proper.

1

The defendant police officers intend to file reply papers, if necessary.

Dated: Buffalo, New York
November 22, 2024

                                          Respectfully submitted,

                                          Cavette A. Chambers
                                          Corporation Counsel
                                          Attorney for Defendant Police Officers

                          By:    s/David M. Lee
                                Assistant Corporation Counsel
                                City of Buffalo Department of Law
                                65 Niagara Square, 1114 City Hall
                                Buffalo, New York 14202
                                (716) 851-9691
                                dlee@city-buffalo.com

## ATTORNEY DECLARATION

David M. Lee, an attorney admitted to practice in this court, declares under penalty of perjury pursuant to 28 U.S.C. §1746 that the following is true and correct:

1. I am an Assistant Corporation Counsel for the City of Buffalo, of counsel to Cavette A. Chambers, Corporation Counsel. Our office represents the defendant police officers in this action and, as such, I am fully familiar with it.

2. This declaration is submitted in support of the defendant police officers' motion pursuant to Rule 26(c) for a protective order, and in opposition to plaintiff's motion pursuant to Rule 16(b)(4) for an extension of the court-ordered fact discovery deadline to permit depositions.

3. Under the court's case management order, fact discovery must be completed by November 29, 2024. [42] at ¶ 7.

4. On November 5, 2024, the plaintiff served deposition notices setting videotaped depositions for November 22, 25, and 27. [58, 59, 60].

5. Local Rule of Civil Procedure 30(a) provides that, absent agreement or court order, a deposition notice must be served at least 21 days prior to the scheduled deposition.

6. Thus, the plaintiff's deposition notices served on November 5 (scheduling depositions for November 22 and 25) fail to comply with the 21-day notice rule.

7.      A finding of good cause to modify a scheduling order depends on the diligence of the moving party in seeking to meet the court's deadlines. *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003).

8.      Here, the court issued a scheduling order on December 8, 2023, setting November 29, 2024 as the deadline to complete discovery. The plaintiff delayed almost a year before serving deposition notices and he offers no explanation for this delay.

9.      The plaintiff has failed to show good cause to extend the discovery deadline so as to permit him to conduct depositions of the defendant police officers noticed for November 22 and 25.

10.     Notwithstanding plaintiff's non-compliance with the 21-day requirement of Local Rule 30(a), I made a diligent effort to produce the defendant police officers noticed for November 22 and 25.

11.     I was (and still am) prepared to produce in the future as many defendant police officers as possible who were noticed for depositions on November 22 and 25, but only if plaintiff agrees 1) to use the defendant police officers' depositions for the *sole* purpose of prosecuting his case and 2) not to post or otherwise disseminate their deposition testimony on any social media website.

12.     The plaintiff will not agree to this, an indication of his intention to publicly disseminate the defendant police officers' video-depositions gained through discovery in this action in the future on his social media pages. Accordingly, the defendant police officers will not agree to appear for depositions on November 22 or 25 pursuant to the plaintiff's untimely-served deposition notices.

13. The defendant police officers request a protective order from the Court prohibiting plaintiff from 1) using their deposition testimony for any purpose other than the prosecution of this action; 2) disclosing their deposition testimony to any third-party outside of this litigation; and 3) posting or otherwise disseminating their deposition testimony on any social media platform.

14. For good cause shown, a court may issue a protective order specifying the terms of discovery to protect a party. Rule 26(c). Among other things, a protective order may forbid the disclosure of particular discovery. Rule 26(c)(1)(A).

15. Trial courts have "broad discretion" under Rule 26(c) "to decide when a protective order is appropriate." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

16. There is genuine concern about the potential for abuse of deposition transcripts (and particularly videos) of public officials like police officers. *See Orr v. McGinty*, 2022 WL 2440064, at *2 (N.D.N.Y. 2022) (sanctioning plaintiff's counsel for speaking on social media about the contents of the subject deposition, after the court's protective orders directed the parties "not to discuss any testimony or disseminate the video or transcript of the testimony of [a Family Court Judge] beyond the existing parties to the action"); *Shultz v. Dart*, 2015 WL 4934552, at *3 (N.D. Ill. 2015) (given the explosive growth of social media, holding that the "significant potential for misuse and annoyance constitute good cause to issue a protective order for [the County Sheriff's] deposition transcript and video").[1]

---

[1]   Copies of the decisions in *Shultz* and *Orr* will be provided to plaintiff.

17.     The court should issue a protective order in this case to prevent the depositions of law enforcement from being misused or shared on social media to annoy or harass the defendant police officers.

18.     Finally, the plaintiff timely served a deposition notice setting the videotaped deposition of Buffalo Police Chief Todd McAlister for November 27, 2024. [60]. Therefore, Chief McAlister requests a temporary protective order on the terms specified in paragraph "13" above, pending resolution of the instant discovery dispute concerning depositions.

19.     For these reasons, the plaintiff's motion for an extension of time to complete depositions should be denied, the defendant police officers' motion for a protective order should be granted, and Chief McAlister's motion for a temporary protective order should be granted.

Dated:  Buffalo, New York
        November 22, 2024

                                        s/David M. Lee