UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
==================================
JOSHUA G. HARRIS,

                    Plaintiff,                        22-cv-75-LJV-JJM

    v.

TODD MCALISTOR, et al.,

                    Defendants.
==================================

## REPLY DECLARATION

        David M. Lee, an attorney admitted to practice in this court, declares under penalty of perjury pursuant to 28 U.S.C. §1746 that the following is true and correct:

        1.     I am an Assistant Corporation Counsel for the City of Buffalo, of counsel to Cavette A. Chambers, Corporation Counsel. Our office represents the defendant police officers in this action and, as such, I am fully familiar with it.

        2.     This declaration is submitted in reply to plaintiff's opposition to the defendant police officers' motion for a protective order.

        3.     Initially, contrary to plaintiff's position, a civil litigant does not have a First Amendment right to disseminate to the general public information gained through the pretrial discovery process. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984) (holding that a protective order entered on good cause pursuant to Rule 26(c) "does not offend the First Amendment" when it "is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources").

4.      Moreover, pretrial depositions "were not open to the public at common law, and, in general, they are conducted in private as a matter of modern practice." *Id. at 33.* Therefore, restraints placed on pretrial deposition testimony "are not a restriction on a traditionally public source of information." *Id.*

5.      Plaintiff still argues that there is a public right of access to discovery materials. There is not. *See S.E.C. v. TheStreet.Com*, 273 F.3d 222, 231, n.9 (2d Cir. 2001) (noting that a district court "incorrectly concluded" that there is a "presumption that discovery materials should be publicly available whenever possible," and *quoting Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982: "Discovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public").

6.      The plaintiff's cite to *Flaherty v. Seroussi*, 209 F.R.D. 295, 299 (N.D.N.Y. 2001) is not persuasive. *Flaherty* in part relied on the old version of Rule 5(d) that required the filing of discovery materials unless the court ordered otherwise. This was changed by a 2000 amendment that prohibits the filing of discovery materials "until they are used in the proceeding or the court orders filing." Fed.R.Civ.P. 5(d)(1)(A).

7.      "Therefore, to the extent that earlier cases [indicating that the general public should be afforded access to discovery materials] relied upon the now-obsolete version of Rule 5(d), those cases are no longer good law." *Margiotta v. City of Gloversville*, 2008 WL 11505863, *2 (N.D.N.Y. 2008) (cleaned up).[1]

---

[1]      A copy of the *Margiotta* decision will be provided to plaintiff.

8.      "In short, there is no First Amendment or common law basis for the dissemination of discovery materials, and Rule 5(d) also does not provide any such basis." *Id.*

9.      Finally, the Court is urged the follow *Haidon v. Town of Bloomfield*, 552 F.Supp.3d 265 (D. Conn. 2021), in case in which the defendants (who were town police officers) made a motion for a protective order that would limit the use of their deposition transcripts and recordings of the depositions to the prosecution and defense of the matter. *Id.* at 267.

10.     Following a detailed and thoughtful discussion of the relevant law, the court in *Haidon* viewed "Rule 26(c)'s 'good cause' standard as a low hurdle to clear when the applicant seeks a modest protective order limiting the use of deposition transcripts and recordings to litigation of the instant case" (*Id.* at 274), and concluded that "pretrial discovery should remain private" and that defendants' privacy interests were "thus a legitimate concern supporting 'good cause' to issue their requested protective order." *Id.* at 275.

11.     For those reasons, the Court should grant the defendant police officers' motion for a protective order. Specifically, the Court should order 1) that plaintiff shall not disseminate or cause to be published any transcripts or recordings of the defendant police officers' depositions and 2) that plaintiff's use of those transcripts and recordings shall be limited to his prosecution of this case.

Dated:       Buffalo, New York
             December 17, 2024

                              s/David M. Lee

3