UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSHUA G. HARRIS,

                            Plaintiff,

v.

TODD MCALISTOR, *et al.*,

                            Defendants.

**DECISION AND ORDER**

1:22-cv-00075-LJV-JJM

---

        As discussed during today's teleconference, plaintiff's motion to extend the fact discovery deadline to February 28, 2025 [61] and defendants motions for protective orders [62, 67, 69, 70] are all granted. Plaintiff states that he "did not and has not planned on broadcasting anything involving this case during the life of this lawsuit". [61-1] at 4. Although he argues that he has "a right to depose the Defendants regardless of having said depositions disseminated to the Public" and that "fear of public dissemination should not take away nor jeopardize [his] right to Discovery nor his First Amendment protection to press" (id.), he "has no First Amendment right of access to information made available only for purposes of trying his suit . . . . [P]retrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law . . . and, in general, they are conducted in private as a matter of modern practice." <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 32-33 (1984). *See also* <u>Mirlis v. Greer</u>, 952 F.3d 51, 59, n. 5 (2d Cir. 2020) ("the U.S. Constitution has not generally been held to compel public access to deposition transcripts and recordings").

        I am not persuaded by plaintiff's suggestion that defendants have not made a specific showing of privacy interests which necessitate granting a protective order. *See* <u>Haidon</u>

1

v. Town of Bloomfield, 552 F. Supp. 3d 265, 274, 275 (D. Conn. 2021) ("Haidon points out that the Movants have failed to allege *any* specific harm to support their request . . . . Although the Movants' arguments are relatively weak, that does not matter much . . . . [P]retrial discovery should remain private. The Movants' (relatively) general interest in their privacy is thus a legitimate concern supporting 'good cause' to issue their requested protective order").

Therefore, absent further order of the court, no portion of defendants' depositions in any format may be publicly disseminated. Should any party see the need to do so (for example, in support of or in opposition to a summary judgment motion), they shall first apply to me for permission to do so. If the parties are unable to agree on the scheduling of depositions, they may contact me.

SO ORDERED.

DATED:    January 2, 2025

_____
HONORABLE JEREMIAH J. MCCARTHY
United States Magistrate Judge